IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNGAN et. al.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SHASTA, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-02394-DAD-DMC<br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiffs, who are proceeding pro se, bring this civil action. Pending before the Court is Defendants' motion to dismiss. See ECF No. 21. Plaintiffs have filed an opposition, ECF No. 29, and Defendants have filed a reply, ECF No. 32. Also pending in this case are the following motions: (1) Plaintiffs' motion for alternative service, ECF No. 7; (2) Plaintiffs' motion for leave to file electronically, ECF No. 15; (3) Plaintiffs' motion for a temporary restraining order, ECF No. 22; (4) Plaintiffs' motion for leave to amend, ECF No. 25; (5) Plaintiffs' motion to release transcripts, ECF No. 34; (6) Plaintiffs' motion to seal court transcripts and police reports, ECF No. 35; (7) Plaintiffs' request for decision, ECF No. 37; (8) Plaintiffs' motion to supplement the record, ECF No. 45; and (9) Defendants' motion to strike, ECF No. 46.

/ / /

/ / /

/ / /

1

## I. BACKGROUND

### A. Procedural History

This action proceeds on Plaintiffs' first amended complaint, filed as of right on October 15, 2024. See ECF No. 14. Defendants filed a motion to dismiss on October 21, 2024, which was set for a hearing on February 12, 2025. See ECF Nos. 21 and 44. Plaintiffs filed a motion to electronically file, ECF No. 15, motion for a temporary restraining order, ECF No. 22, motion to amend their complaint to add a Defendant, ECF No. 25, motion to release transcript, ECF No. 34, motion to seal court transcripts, ECF No. 35, and a "supplement" to the first amended complaint on December 12, 2024. See ECF No. 41.

On March 10, 2025, Plaintiffs filed a motion to supplement the record, ECF No. 45. In that motion, Plaintiffs shared Defendant Bigelow's notice of recusal dated February 11, 2025. See ECF No. 45. According to Plaintiffs, this is an admission of impartiality and timed to prevent Plaintiffs from using the recusal at the motion to dismiss hearing held on February 12, 2025. See id. at 2. Defendants filed a motion to strike Plaintiffs' motion to supplement. See ECF No. 46. In their motion, Defendants argued that it should be "stricken as uninvited and unrelated, without permission or leave." Id. at 2.

### B. Plaintiffs' Allegations

According to Plaintiffs, their claims arise from a state court dependency case involving their children, E.D. and D.D. See ECF No. 14, pg. 2. Plaintiffs assert that:

> . . . [D]efendants engaged in a pattern of misconduct, including due process violations, ex parte communications, retaliatory conduct, manipulation of the judicial process, false reports, and parental alienation, resulting in violations of Plaintiffs' First, Fourth, Fifth, and Fourteenth Amendment rights.

Id.

Plaintiffs name the following defendants: (1) County of Shasta; (2) Shasta County Health & Human Services Agency; (3) Shasta County Health & Human Services: Child Services; (4) Laura Burch; (5) Miguel Rodriguez; (6) James Mu; (7) Michelle Lick; (8) Danielle Gannon; (9) Brandi May; (10) Crystal Nelson; (11) Lisa Spencer; (12) Nikki Quintana; (13) Crystal Adams; (14) Krystal Loveless; (15) Christian Cumpston; and (16) Michael Brenn. See id. at 1.

1    Plaintiffs assert five claims[1], as follows: (1) Fifth and Fourteenth Amendments
2 violation of due process rights; (2) First Amendment retaliation and free speech violations; (3)
3 Fourth Amendment unreasonable search and surveillance; (4) 42 U.S.C. §1985 conspiracy; and
4 (5) failure to prevent misconduct. See id. at 5. The complaint is not clear about which Defendants
5 allegedly engaged in which violation, except the final claim which is against the County of Shasta
6 and "supervising officials." Id.

7    Regarding the allegation of a violation of due process, Plaintiffs allege that Judge
8 Bigelow,[2] Defendant Brenn, and Jennifer Ayers, attorney for the children, "engaged in off-record
9 discussions . . . regarding the dependency case . . . compromise[ing] the impartiality of the
10 proceedings" Id. at 3; see ECF No 41, pg. 1.  Additionally, Plaintiffs contend that "several social
11 workers and county officials made false or misleading statements in official reports, including
12 inaccuracies related to Plaintiffs' criminal history and family situation. These falsehoods
13 influenced the court's rulings and restricted Plaintiffs' parental rights unjustly." See ECF No. 14,
14 pg. 3.

15    In support of the First Amendment retaliation claim, Plaintiffs allege that
16 Defendants "attempted to prevent James Dungan from documenting his case outside the
17 courthouse. Danielle Gannon's monitoring of his social media activity suggests potential
18 surveillance and retaliation." Id. at 4. Additionally, Plaintiffs assert in their supplemental filing
19 that the exclusion of Plaintiff Lacey Dungan from the courtroom violated her First Amendment
20 right "to participate fully in their dependency case." ECF No. 41, pg. 3.

21    This allegation of improper monitoring of social media underlies Plaintiffs' claim
22 of unreasonable search and seizure. See id. at 5.  Plaintiffs assert that "the surveillance and
23 monitoring conducted by social workers constituted unreasonable invasion of privacy." Id.
24 Plaintiffs purport to include "documentation of social media monitoring and interactions by
25 Danielle Gannon" in the complaint but no such documentation was attached. Id. at 6.
26 / / /

---

[1] Plaintiffs complaint mentions an allegation of "parental alienation and therapist misconduct" against Holly Hooten, who is not a named Defendant, and this allegation is not linked to any of the claims.
[2] Plaintiff does not list Judge Bigelow as a defendant.

3

As to Plaintiffs' 42 U.S.C. §1985 conspiracy claim, Plaintiff alleges that "Defendants conspired to manipulate judicial proceedings through false reports and ex parte communications." ECF No. 14, pg. 5. Plaintiffs' final claim, failure to prevent misconduct, is brought against County of Shasta and "supervising officials." Id. According to Plaintiff, "supervisors failed to address the known misconduct of employees involved in Plaintiffs' case." Id.

### C. February 12, 2025, Motion to Dismiss Hearing

Parties appeared in Redding on February 12, 2025, for the motion to dismiss hearing. Generally, Defendants maintained their position as filed in their motion to dismiss and submitted on the papers. Plaintiffs argued that the issues were not barred by Younger nor Rooker-Feldman abstention because the state court proceedings concluded. Plaintiffs provided the Court with a copy of the final judgment custody order issued January 7, 2025, to show that the matter was concluded in state court. Plaintiffs stated they are not contesting the state court custody determination. However, Plaintiffs asserted that the relief they sought was for the Court to invalidate the state court judgement and stated that the harms alleged in their complaint flow directly from the state court's judgment. Plaintiffs asserted that the issue of extrinsic fraud was not raised at the state court proceedings, however Plaintiffs conceded that their final filing with the state court did raise the issue but contend that the issue was not addressed by the state court. Plaintiffs requested leave to amend their complaint citing the fact that they received more documents, including court transcripts, since the filing of their first amended complaint. Additionally, Plaintiffs represented to the Court that they are no longer seeking the temporary restraining order nor injunctive relief.

## II. DISCUSSION

Defendants primarily argue that the Court lacks jurisdiction under the Younger and/or Rooker/Feldman abstention doctrines. See ECF No. 21. Additionally, Defendants argue that Plaintiff's claims against the individual Defendants fail as a matter of law, discussed in

detail below[3]. See id. at 6-9.

Plaintiffs' pending motions are each addressed in detail in the following section. As to Defendants' motion to dismiss, Younger abstention is not applicable as Plaintiffs seek damages, rather than injunctive relief. Rooker-Feldman abstention is necessary as to Plaintiffs due process claims of ex parte communications but leave to amend is appropriate for Plaintiffs claim of extrinsic fraud. Plaintiffs do not allege any federal action and thus, their Fifth Amendment claim should be dismissed. As currently pled, Plaintiffs First Amendment claim, Fourth Amendment claim, and claim of failure to prevent misconduct are factually insufficient and therefore, dismissal with leave to amend is appropriate. Given Plaintiffs do not allege any class-based motivation, their §1985 claim should be dismissed.

### A. **Plaintiffs' Pending Motions**

Pending before the court are Plaintiffs' (1) Plaintiffs' motion for alternative service, ECF No. 7; (2) Plaintiffs' motion for leave to file electronically, ECF No. 15; (3) Plaintiffs' motion for a temporary restraining order, ECF No. 22; (4) Plaintiffs' motion for leave to amend, ECF No. 25; (5) Plaintiffs' motion to release transcripts, ECF No. 34; (6) Plaintiffs' motion to seal court transcripts and police reports, ECF No. 35; (7) Plaintiffs' request for decision, ECF No. 37; (8) Plaintiffs' motion to supplement the record, ECF No. 45; and (9) Defendants' motion to strike, ECF No. 46.

None of the allegations in Plaintiffs' operative complaint are linked to Defendant Rodriguez. Given Plaintiffs fail to state a claim against Defendant Rodriguez, the motion for alternative service, ECF No. 7, will be denied without prejudice to refile if Plaintiffs file an amended complaint that states a claim against Defendant Rodriguez.

At the February 12, 2025, hearing, Plaintiffs represented that they are no longer seeking the motion for a temporary restraining order and motion for preliminary injunction, ECF No. 22, and motion to release transcripts, ECF No. 34. Upon that representation, the Court will deem these motions as withdrawn and will order the Clerk of the Court to terminate those

---

[3] In their opposition, Plaintiffs include a lengthy argument about immunity, which is not argued in Defendants motion to dismiss. Defendants singular reference to immunity in either their motion to dismiss or reply is "and/or that immunity applies." See ECF No. 21, pg. 2.

5

motions. Accordingly, Plaintiffs request for decision, ECF No. 37, is withdrawn as moot. The Court will direct the Clerk of the Court to terminate that motion.

For sealing documents, Local Rule 141 requires that Plaintiffs submit the documents they seek to seal to the Court via email so the Court can determine whether sealing is appropriate. See Local Rule 141 (b). Here, Plaintiffs did not provide the documents to the Court. To the extent that Plaintiffs seek to include such documents to an amended complaint, Plaintiffs are reminded that a complaint does not require attaching evidence. See Fed. Rule Civ. Pro. 8(a)(2). In a complaint, it is sufficient to summarize what the Plaintiffs believe such evidence would show the Court. See id. Thus, such a request at this stage may be premature. Accordingly, the motion to seal court transcripts, ECF No. 35, will be denied without prejudice to refile.

Considering the Court's recommendation herein,[4] Plaintiffs' motion for leave to amend, ECF No. 25, and motion to supplement the record, ECF No. 45, are moot. Therefore, the Court will recommend that those motions, ECF Nos. 25 and 45, be denied as moot. Given that recommendation, Defendants' motion to strike, ECF No. 46, should also be denied as moot.

Pursuant to Eastern District of California Local Rule 133(b)(2), pro se litigants must file their documents in paper form. Exceptions may be made with permission of the assigned Judge or Magistrate Judge. See Local Rule 133(b)(3). Good cause appearing therefor based on Plaintiffs' motion, ECF No. 15, the Court finds that an exception to the local rule requiring pro se litigants to file documents in paper is warranted here. As such, the Court will order Plaintiffs' motion to electronically file, ECF No. 15, be granted.

**B.      Standard of Review**

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen,

---

[4] Specifically, that leave to amend be granted, including leave to add a new Defendant.

6

1    395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual
2    factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).
3    In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
4    See Haines v. Kerner, 404 U.S. 519, 520 (1972).

5          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
6    of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair
7    notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,
8    550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order
9    to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain
10   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
11   allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The
12   complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at
13   570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the
14   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
15   Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but
16   it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
17   Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a
18   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
19   to relief." Id. (quoting Twombly, 550 U.S. at 557).

20         In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
21   outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
22   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1)
23   documents whose contents are alleged in or attached to the complaint and whose authenticity no
24   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
25   and upon which the complaint necessarily relies, but which are not attached to the complaint, see
26   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
27   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
28   1994). Additionally, the Court may consider evidence outside the complaint when determining

whether the Court has subject-matter jurisdiction under Rule 12 (b)(1). See St. Clair v. Chico, 880 F.2d 199, 201-02 (9th Cir. 1989); see also White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### C. Younger Abstention

When state court proceedings are ongoing, federal action may be barred under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004). While Younger established that federal courts must refrain from enjoining or interfering with a parallel, pending criminal proceeding in state court, see Younger, 401 U.S. at 49-53, the doctrine has subsequently been extended to "particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a state's interest in enforcing the orders and judgments of its courts. . . ," See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 70 (2013) (citations and quotations omitted). To determine if Younger abstention is appropriate, the Ninth Circuit requires that four requirements are present: (1) an ongoing state judicial proceeding; (2) such proceeding implicates important state interests; (3) there is an opportunity to raise the constitutional challenges in the state proceedings; and (4) the relief sought "'seeks to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." See Duke v. Gastelo, 64 F.4th 1088, 1094 (9th Cir. 2023) (quoting Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018)).

While the Court believes the state court proceedings may not be concluded, as indicated by Plaintiffs' supplemental filing, ECF No. 45, because Plaintiffs seek compensatory and punitive damages, rather than injunctive relief, the fourth requirement for Younger abstention, is not satisfied. As such, Defendants' Younger abstention argument is without merit. Thus, the Court will recommend that Defendant's motion to dismiss on the basis of Younger

8

abstention be denied.

### D. Rooker-Feldman Abstention

Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). For jurisdiction to be barred under Rooker-Feldman abstention, the plaintiff must be both seeking relief from state court judgment and "allege[] a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013); see also Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) (holding "Rooker-Feldman thus applies only when the federal plaintiff both asserts as her legal error or errors by the state court and seeks as her remedy relief from the state court judgment.").

To determine if a claim for damages arising from a state ruling is barred by Rooker-Feldman, the court must consider whether the alleged damages "flow[] from the judgment." See Blakeley v. Gunderson, No. 23-35061, 2024 U.S. App. LEXIS 1389, at *3-4 (9th Cir. Jan. 22, 2024); McCoy v. Uale, No. 21-16877, 2022 U.S. App. LEXIS 28912, at *2 (9th Cir. Oct. 18, 2022); see also Hook v. Winmill, No. 22-36065, 2023 U.S. App. LEXIS 33473, at *2 (9th Cir. Dec. 18, 2023) (holding that suits against Judges and the Court are 'de facto' appeals barred by Rooker-Feldman and judicial immunity).

Allegations of "extrinsic fraud on a state court is not alleging a legal error by the state court" and thus, are not necessarily barred by Rooker-Feldman. See Kougasian, 359 F.3d at 1140-41 (holding that "a plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party . . . . Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud."). However, if a claim of extrinsic fraud was raised at the state court proceedings and the merits were addressed in such proceedings,

Rooker-Feldman bars subsequent adjudication by the federal courts. See Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 860 (9th Cir. 2008).

A due process violation requires that an individual is deprived of a protected liberty or property interest. See U.S. Const. Amend. XIV §1. A due process claim arising out of a state-court proceeding is an allegation of a legal error and would be barred by Rooker-Feldman because the harm, deprivation of a protected interest as a result of the state court determination, necessarily flows from the state court judgment. Thus, a plaintiff would need to allege a property or liberty interest outside of the state-court decision for a due process claim to survive Rooker-Feldman abstention.

As currently pled, it is not entirely clear if Plaintiffs are claiming that all the harms alleged flow from the judgment itself. At the February 12, 2025, hearing, Plaintiffs maintained that the harms alleged do arise from the judgment itself thus indicating Rooker-Feldman abstention is appropriate. Indeed, as noted above, Plaintiffs' Fourteenth Amendment due process claims necessarily imply a harm flowing from the state-court judgment. Accordingly, Plaintiffs' allegation that ex parte communications constitute a due process violation is barred by Rooker-Feldman because the deprivation of Plaintiffs' protected interest would necessarily be the result of the state-court decision. Thus, the Court recommends that Defendants' motion to dismiss on the basis of Rooker-Feldman abstention be granted as to Plaintiffs' due process claim arising from the allegation of ex parte communications.

As to extrinsic fraud, Plaintiffs assert that Defendants "several social workers and county officials made false or misleading statements in official reports, including inaccuracies related to Plaintiffs' criminal history and family situation." ECF No. 14, pg. 3. As noted above, an allegation of extrinsic fraud is not alleging a legal error and thus, is not barred by Rooker-Feldman. However, as currently pled, this allegation is conclusory and lacks information on what false or misleading statements were made and by which Defendants. At the motion to dismiss hearing, Plaintiffs asserted that the issue of extrinsic fraud was not raised at the state court. However, Plaintiffs also stated that they did file something at the state court about the extrinsic fraud, but the state court failed to remedy the issue. It is unclear to the Court if the state court

addressed the merits of the allegation of extrinsic fraud and determined it was inactionable, which would bar the federal court from conducting a de facto appeal of the issue. It is possible that the state court did not address the merits of Plaintiffs' allegation of extrinsic fraud, in which case, Rooker-Feldman abstention would not apply.  Given this ambiguity, the Court recommends Defendants' motion to dismiss on the basis of Rooker-Feldman be granted with leave to amend as to Plaintiffs' allegation of extrinsic fraud.

As pled, Plaintiffs' First Amendment and Fourth Amendment claims fall outside Rooker-Feldman because Plaintiffs are not seeking relief from a state court judgment on those claims and the harm alleged does not necessarily arise from those state court judgments. Thus, the Court will recommend that Defendants' motion to dismiss on the basis of Rooker-Feldman abstention be denied as to Plaintiffs' First Amendment and Fourth Amendment claims.

### E. Fifth Amendment Claim

The Fifth Amendment ensures the protection of due process rights from interference by the federal government. See Geneva Towers Tenants Org. v. Federated Mortg. Inv'rs, 504 F.2d 483, 487 (9th Cir. 1974); see also Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir.2008). Defendants argue that Plaintiffs' Fifth Amendment claim fails as a matter of law because no federal action was alleged. See ECF No. 21-1, pg. 6. Defendants are correct. Indeed, Plaintiffs' entire complaint arises from private and state action.  Therefore, this claim should be dismissed without leave to amend.

### F. First Amendment

To state a First Amendment retaliation claim, a plaintiff must plausibly allege "that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016) (quoting Pinard v. Clatskanie Sch. Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006)).

///

///

1          According to Defendants, Plaintiffs First Amendment allegation is "too vague" and because Plaintiffs allege that Defendants "attempted to prevent" Plaintiffs from documenting their case, there is no completed action interfering with Plaintiffs First Amendment rights. See ECF No. 21-1, pgs. 6-7. Plaintiffs allege that "monitoring Plaintiffs social media activity and attempts to prevent lawful documentation" amount to retaliation and free speech violations under the First Amendment. See ECF No. 14, pg. 5. In their reply, Plaintiffs add that Defendants "potentially engag[ed] in other forms of intimidation." See ECF No. 29, pg. 3. Defendants point is well taken that the subject allegations are too vague.

          As currently pled, even considering Plaintiffs' reply and supplement, there are no facts alleged that link any named Defendants to the First Amendment allegations. Regarding the exclusion of Plaintiff Lacey Dungan from the proceedings, Plaintiffs do not name Judge Bigelow as a defendant and do not provide a link between that action and any named Defendant. Thus, this Court will recommend dismissing the First Amendment claim with leave to amend.

**G.     Fourth Amendment**

          The Fourth Amendment protects individuals from unreasonable search and seizure by the government. See U.S. Const. amend. IV. The right to protection under the Fourth Amendment arises when an individual has a "reasonable expectation of privacy in the subject of the . . . search." United States v. Yang, 958 F.3d 851, 858 (9th Cir. 2020). Defendants argue that there was not a search or seizure that necessitates Fourth Amendment protection. See ECF No. 21-1, pg. 7. Rather, Defendants contend that Plaintiffs were the subject of an investigation, which does not require probable cause. See id. The Court is not persuaded by this argument. First, Defendants assert that "the threshold inquiry in every Fourth Amendment analysis is whether a search or seizure has occurred," citing United States v. Sandoval, 200 F.3d 659 (9th Cir. 2000). However, that case explicitly states that the threshold inquiries of a fourth amendment claim are (1) was there a subjective expectation of privacy and, if there is, (2) does society see such expectation as reasonable? See id. (citations omitted). Thus, this case does not provide guidance for determining whether a search has occurred. The other

cases cited by Defendants similarly do not provide such guidance and are clearly distinguishable from Plaintiffs allegations.[5]

The Court finds that Plaintiffs have not provided sufficient facts to establish that they have a reasonable expectation of privacy in their social media posts. Additionally, the claim is conclusory, lacking factual support. Plaintiffs state that "Danielle Gannon's monitoring of his social media activity suggests potential surveillance" and "surveillance and monitoring conducted by social workers constituted an unreasonable invasion of privacy." ECF No. 14, pgs. 4-5. Plaintiffs do not provide information on what surveillance and monitoring occurred, how such actions amount to warrantless searches, and as stated, do not establish that Plaintiffs had a reasonable expectation of privacy in the subjects of such searches.

In Plaintiffs' reply to Defendants' motion to dismiss, Plaintiffs add an allegation of Defendants' misuse of California Law Enforcement Telecommunications System (CLETS) without stating which Defendant was involved. See ECF No. 29, pg. 4. Defendants argue this addition is improper because this allegation was not in the first amended complaint. See ECF No. 32, pgs. 5-6. Defendants are correct that new information outside of the complaint cannot be considered in a motion to dismiss. However, leave to amend is appropriate. Thus, the Court will recommend that Defendants' motion to dismiss as to the Fourth Amendment claim be granted with leave to amend.

### H. Relief Under 42 U.S.C. § 1985

A "class-based, invidiously discriminatory animus" is required for a cognizable conspiracy claim under 42 U.S.C. § 1985. See Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) (citation omitted). Defendants argue in their motion to dismiss that Plaintiffs fail to identify a class-based motivation for the alleged discrimination. See ECF No. 21-1, pg. 8. Plaintiffs argue in their reply that the Ninth Circuit does not require such a class-based motivation but the case they cite in support of this argument, Sanchez v. City of Santa Ana, 936

---

[5] Specifically, Shields v. Twiss, 389 F.3d 142 (5th Cir. 2004), is not binding precedent and is distinguishable as addressing a § 1983 based on an allegation of an arrest without probable cause, not a search. And, the quote provided by Defendants from United States v. Mayer, 503 F.3d 740 (9th Cir. 2007) specifically addresses law enforcement agency investigations while Plaintiffs allege conduct by social workers, not law enforcement.

F.2d 1027, 1039 (9th Cir. 1990), does not support this contention. In that case, the § 1985 claim relied on an allegation of a racially motivated conspiracy. Id. Thus, the class-based motivation was race. Here, Plaintiffs fail to identify any class-based motivation for the alleged conspiracy. Further, in the hearing, Plaintiffs did not identify any class-based motivation. Thus, the Court recommends dismissal without leave to amend.

### I.     **Failure to Prevent Misconduct**

To assert municipal liability, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. Plaintiffs allege that the County of Shasta and "supervising officials" failed to prevent misconduct. ECF No. 14, pg. 5. Defendants argue that this claim against the County lacks "the required factual allegations necessary" to give rise to municipal liability. See ECF No. 21-1, pg. 9. Plaintiffs argue in their reply that a policy or custom does not need to be written down to give rise to municipal liability, but a pattern or practice underlying the constitutional can be sufficient. See ECF No. 29, pg. 5. Plaintiffs are correct.

However, Plaintiffs allegations are insufficient. First, the allegation is conclusory. Plaintiffs state that there was "a pattern of misconduct, including making false reports, ignoring evidence, and failing to protect children from abuse while targeting Plaintiffs unfairly." Id. Plaintiffs do not provide any facts about said reports, evidence, or abuse nor do they provide information on which Defendants were involved with the alleged "pattern of misconduct". Defendants are correct that Plaintiffs claims, as currently pled, fail to provide sufficient facts to support a municipal liability claim. At the February 12, 2025, hearing, Plaintiffs provided some additional facts indicating leave to amend is appropriate. As such, the Court will recommend Defendants motion to dismiss as to Plaintiffs claims against the County be granted, with leave to amend.

///

///

///

### III.  CONCLUSION

The Court has recommended that Plaintiffs be granted leave to file amended complaint. If the recommendation is adopted and Plaintiffs are granted leave to file an amended complaint, Plaintiffs are informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiffs amend the complaint, the Court cannot refer to the prior pleading in order to make Plaintiffs' amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiffs choose to amend the complaint, Plaintiffs must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiffs' constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiffs are warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiffs are also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the motion for alternative service, ECF No. 7, is DENIED without prejudice given Plaintiffs' failure to state a claim against Defendant Rodriguez.

2. It is ORDERED that the motion for a temporary restraining order, motion for preliminary injunction, and motion to release transcripts are deemed WITHDRAWN

15

1  and Clerk of the Court is directed to terminate ECF Nos. 22 and 34.

2     3.    It is ORDERED that the request for decision on temporary restraining order is DENIED as MOOT and Clerk of the Court is directed to terminate ECF No. 37.

4     4.    It is ORDERED that the motion to seal court transcripts is DENIED WITHOUT PREJUDICE and Clerk of the Court is directed to terminate ECF No. 35.

6     5.    It is RECOMMENDED that Defendants' motion to dismiss, ECF No. 21, be GRANTED WITHOUT LEAVE TO AMEND as to Plaintiffs' Fifth Amendment claim and § 1985 claim.

9     6.    It is RECOMMENDED that Defendants' motion to dismiss, ECF No. 21, be GRANTED WITH LEAVE TO AMEND as to Plaintiffs' remaining claims (Due Process violations, First Amendment, Fourth Amendment, and Failure to Prevent Misconduct) and such leave extend to adding a new Defendant.

13    7.    Upon the previous recommendations, it is RECOMMENDED that the motion to amend complaint, ECF No. 25, motion to supplement the record, ECF No. 45, and motion to strike, ECF No. 46, be DENIED at MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these amended findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 11, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

16